UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAS VEGAS SUN, INC., | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | No. 3:21-MC-17 (SDV) |
| v. | : | |
| | : | |
| SHELDON ADELSON, PATRICK DUMONT, | : | |
| NEWS+MEDIA CAPITAL GROUP LLC, LAS | : | Underlying Litigation: |
| VEGAS REVIEW-JOURNAL, INC. AND JOHN | : | 2:19-CV-1667-GMN-VCF |
| DOES 1-X, | : | United States District Court |
| | : | District of Nevada |
| *Defendants*. | : | |
| ——————————————————: | | |
| | | |
| LAS VEGAS REVIEW-JOURNAL, INC., | : | |
| | : | |
| *Counterclaim Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| LAS VEGAS SUN, INC., BRIAN GREENSPUN, | : | |
| AND GREENSPUN MEDIA GROUP, LLC, | : | |
| | : | |
| *Counterclaim Defendants*. | : | |
| ——————————————————: | | |

RULING

For the reasons set forth in detail on the record by the Court in its transcript ruling during

the discovery conference held on August 30, 2021, which are summarized below, the Court

**GRANTS, in part, and DENIES, in part,** plaintiff's [ECF No. 1] *Motion to Compel*.

In connection with a pending matter in the District of Nevada captioned *Las Vegas Sun,*

*Inc. v. Sheldon Adelson et al*, No. 2:19-CV-1667 (GMN)(VCF), plaintiff Las Vegas Sun,

pursuant to Fed. R. Civ. P. 45, served a subpoena *duces tecum* upon a third party witness,

respondent Michael Schroeder (hereinafter, "respondent" or "respondent Schroeder"), which

contained fourteen requests for documents.  Respondent Schroeder objected to each of the requests and raised blanket assertions of privilege as to each of the requests.  As evident in oral argument held by the Court on June 30, 2021, respondent principally invoked the journalist's privilege as to each document request.

Under Rule 45(e)(2)(A)(ii), a party withholding subpoenaed information on the ground that it is privileged must "describe the nature of the withheld documents. . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  The Second Circuit has held that a party asserting a privilege in response to a subpoena must "at least assert any privileges within the 14 days provided in Rule 45[(d)(2)(B)]," and must provide a full privilege log, detailing the nature of the withheld documents as required by Rule 45(e)(2)(A)(ii), "within a reasonable time" thereafter. *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *see also U.S. v. Constr. Prods. Research Inc.*, 73 F.3d 464, 473-74 (2d Cir. 1996);  *see* Local Rule 26(e) (providing that a party withholding a document on privilege grounds "shall" describe, among other things, "the type of document;" "the general subject matter of the document;" "the date of the document;" "the author of the document" and "each recipient of the document").  This is particularly important in the context of the instant matter where the document requests on their face may encompass some documents that arguably could be privileged and others as to which the privilege may not apply. A privilege log is critical in that it enables the opposing party and the Court to assess the merits of the privilege as to any particular document that may be withheld on that basis.

It is well-established that failure to timely provide a privilege log  constitutes a waiver under federal civil rules of any asserted privileges, even in the context of third party subpoenas. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47-48 (D. Conn. 2007).

Here, it is undisputed that respondent did not provide a privilege log at the time he asserted objections based on the journalist's privilege and has not done so in the many months since. Accordingly, respondent's claim of journalist's privilege as to each of the production requests has been waived.

Nonetheless, given the importance of the journalist's privilege and the interests such privilege is designed to protect, the Court will address the claim on the merits. Even if the privilege is not deemed waived on procedural grounds, the Court also finds, on the merits, that the journalist's privilege does not apply under the specific threshold facts put forth in this matter. The Second Circuit has long recognized a qualified evidentiary privilege for information gathered in a journalistic investigation. *See, e.g., Gonzales v. Nat'l Broadcasting Co., Inc.,* 194 F.3d 29 (2d Cir. 1999). The privilege for such information is intended to protect the public's interest in being informed by "a vigorous, aggressive and *independent* press," *von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 144 (2d Cir.1987) (emphasis added), by limiting the circumstances in which litigants may obtain access to press files through court-ordered discovery. In assessing the applicability of the privilege, the issue of the independence of the journalistic process is crucial. As the Second Circuit has observed, "[t]hose who gather and publish information because they have been commissioned to publish in order to serve the objectives of others who have a stake in the subject of the reporting are not acting as an independent press. Those who do not retain independence as to what they will publish but are subservient to the objectives of others who have a stake in what will be published have either a weaker privilege or none at all." *Chevron Corp. v. Berlinger*, 629 F.3d 297, 308 (2d Cir. 2011). The burden is on the person who claims the privilege to show entitlement. *Id.* at 309.

Here, there are sufficient threshold facts which overcome respondent's claim of independence, and thereby the journalist's privilege, with respect to the article written by the respondent under the pseudonym "Edward Clarkin," which, in part, was critical of a Nevada state court judge.  Documents dated October 23, 2015, and October 30, 2015, roughly two months prior to the article being published, raise the inference that the article was written at the behest of one of the defendants in the Nevada litigation to advance the Nevada defendants' interest, that the Nevada defendants or others acting on their behalf had input into the specific content of the article and that the content of the article was being manipulated to disguise the involvement of the Nevada defendants and individuals acting on their behalf.  Further, at the time the article was researched and published, respondent was already acting as a paid consultant to the defendants and/or related entities, which was not disclosed at the time of publication. Lastly, less than ten days after the article was published, the respondent was hired in a managerial capacity by one of the Nevada defendants, raising a plausible inference that the respondent benefitted directly from producing an article at the instigation of the Nevada defendants.  In short, these threshold facts undermine any notion of editorial and financial independence that the Second Circuit has deemed critical to the assertion of the journalist's privilege and are sufficient to overcome the respondent's claim of such privilege.

In objecting to the document requests, respondent also raises objections as to relevance, undue burden, proportionality, and he further argues that the requests also fall outside the boundaries of permissible discovery established in the Nevada litigation by other judicial officers in various transcript discovery rulings.

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope and limitations of permissible discovery.  Parties may obtain discovery regarding any non-privileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case.  It is well-established that relevant information need not be admissible at trial if the discovery sought appears reasonably calculated to lead to the discovery of admissible evidence.  *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991).  "The party resisting discovery bears the burden of showing why discovery should be denied."  *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

In considering respondent Schroeder's remaining objections, the Court is guided by the claims and defenses in this action.  While the Sun's complaint is lengthy, the crux of the complaint, which guides the Court's assessment of these objections, focuses on the Sun's and Las Vegas Review Journal's entry into a Joint Operating Agreement (hereinafter, "JOA") in 2005, the alleged purpose of which was to restore the Sun to profitability through the Review-Journal's management of business operations under the JOA.  Pursuant to the JOA, the Sun was entitled to certain profit payments.  The Sun alleges that, in 2015, the defendants in the Nevada litigation acquired the Review-Journal and took steps to undermine the JOA and the Sun in order to put the Sun out of business and have the Review-Journal become the dominant editorial viewpoint in the Las Vegas market for the benefit of the defendants.

The document requests directed to respondent Schroeder here are very discrete and narrowly tailored to the allegations of the complaint and the role that he allegedly played in the purported scheme that is referenced specifically in the complaint.  It was also represented in argument by respondent that he already had conducted due diligence as to what responsive documents he had in his possession, custody and control and that he had gathered the bulk of the responsive documents.  Accordingly, while it appears there may be some limited due diligence

5

that respondent might still have to perform, the requested documents do not impose any undue burden upon respondent and are proportional to the needs of the case.

Furthermore, for the reasons explained on the record, the material sought is relevant to the claims and defenses made in this action and, at the very least, are reasonably calculated to lead to the discovery of admissible evidence. In particular, documents relating to respondent's consultancy with defendants and/or affiliated entities, respondent's role in the acquisition of the Review-Journal and in its strategies, financial projections, and implementation of the JOA, his authorship of the Clarkin article at issue and related communications with defendants and their agents and employees about that article, encompass the bulk of the documents requested and are all relevant to the Sun's allegations and claims of monopolization, attempted monopolization and unfair trade practices.

Lastly, the Court has carefully reviewed the transcript rulings issued in the Nevada litigation and the arguments that preceded those rulings. While this Court is not bound by those rulings which dealt with discovery requests between plaintiff and the Nevada defendants, and plaintiff and another third party, Interface Operations LLC dba Adfam (hereafter, "Adfam"), affiliated with the Nevada defendants, and not any discovery propounded to respondent Schroeder, this Court is mindful of the parameters set forth in those rulings and of avoiding substantial disparities with those rulings. The Court's ruling here as to the documents which respondent Schroeder has been ordered to produce, while not necessarily identical to the rulings in the Nevada action, are entirely consistent with the relevance determinations in those rulings and with the categories of documents already produced by the Nevada defendants and Adfam.

Accordingly, the Court **GRANTS, in part,** and **DENIES, in part**, plaintiff's [ECF No. 1] *Motion to Compel* consistent with the rulings delineated in detail on the record and **ORDERS** that, respondent Michael Schroeder produce information responsive to plaintiff's requests as ordered by the Court by **September 17, 2021**.  **SO ORDERED** on this 2nd day of September 2021.

_/s/ S. Dave Vatti_
Hon. S. Dave Vatti
United States Magistrate Judge